UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| ALI GILL, | ) | CASE NO. 1:05 CV 2501 |
| Plaintiff, | ) ) | JUDGE DONALD C. NUGENT |
| v. | ) ) | MEMORANDUM OF OPINION AND ORDER |
| K. MASCHMEIER, et al., | ) ) | |
| Defendants. | ) | |

On October 24, 2005, plaintiff pro se Ali Gill, an inmate at the Grafton Correctional Institution, filed this 42 U.S.C. § 1983 action, asserting the seven named defendants were deliberately indifferent to his medical needs. Plaintiff requests that he be permitted to proceed in forma pauperis. For the reasons stated below, this action is dismissed without prejudice.

The Prison Litigation Reform Act of 1995, Pub. L. No. 104-40, § 1(a), 110 Stat. 1327 (1996) amended 28 U.S.C. § 1915. Among the changes to the statute is a provision which prevents a prisoner from bringing a civil action or appealing a judgment in a civil action in forma pauperis if, on three or more prior occasions, the prisoner brought an action or appeal in a court of the United States that was dismissed on the grounds that it was frivolous, malicious or failed to state a claim upon which relief may be granted. 28 U.S.C. § 1915(g).

Gill has on at least three occasions filed a civil action failing to state a claim in this court.[1] See, Gill v. Sparks, 1:05 CV 1503; Gill v. Anderson, No. 1:05 CV 150; Gill v. Ohio State University Hospitals, No. 1:96 CV 1011. Thus, as the complaint in the instant action does not contain allegations reasonably suggesting he is in imminent danger of serious physical injury, he may not proceed in forma pauperis. See Mitchell v. Tennessee, No. 03-5816, 2004 WL 193153 at *1 (6th Cir. Jan. 30, 2004).[2]

Accordingly, this action is dismissed without prejudice. The court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

*Donald C. Nugent 12/8/05*
DONALD C. NUGENT
UNITED STATES DISTRICT JUDGE

---

[1] Failure to exhaust administrative remedies constitutes a failure to state a claim upon which relief can be granted. Baxter v. Rose, 305 F.3d 486, 489 (6th Cir. 2002).

[2] The docket reflects that plaintiff made a payment of $5 towards the filing fee on November 17, 2005; the filing fee, however, is $250.

2